IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAYLA WHITTAKER, d/b/a K&S EQUIPMENT, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-742-M |
| GAVILON GRAIN, LLC; GAVILON GROUP, LLC, and CODY BECKNER, | ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Before the Court is defendants Gavilon Grain, LLC and Gavilon Group, LLC's ("Gavilon Defendants") Motion to Dismiss Amended Complaint, filed August 18, 2017. On September 7, 2017, plaintiff filed her response and on September 22, 2017, filed her supplemental response.[1] On September 29, 2017, the Gavilon Defendants filed their reply.

The instant action arises out of the Gavilon Defendants turning over proceeds of a wheat sale contract with plaintiff to the Internal Revenue Service ("IRS") based upon a tax levy. Plaintiff alleges the following causes of action: (1) breach of contract, (2) breach of fiduciary duties, and (3) tortious breach of contract, misrepresentation, deceit, and fraud. The Gavilon Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Amended Complaint.

---

[1] Plaintiff has attached various exhibits to her response and supplemental response. The Court exercises its discretion and declines to consider these exhibits and convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

The Gavilon Defendants contend that plaintiff's amended complaint should be dismissed because 26 U.S.C. § 6332(e) provides them with a complete defense. In her response and

supplemental response, plaintiff asserts that the property at issue was not subject to an IRS levy and, thus, § 6332(e) would not apply to this case.

> As part of its policy of encouraging efficient collection of federal taxes and voluntary compliance with the tax laws, *see United States v. National Bank of Commerce*, 472 U.S. 713, 721, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), Congress has declared that any person who honors an IRS levy against a taxpayer's property "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property. . . ." 26 U.S.C. § 6332(e).

*Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997).

Having carefully reviewed plaintiff's Amended Petition, the Court finds that based upon the allegations contained in the Amended Petition, the Gavilon Defendants would be entitled to a complete defense under § 6332(e). The only plausible construction of the allegations set forth in the Amended Petition is that plaintiff is seeking to hold the Gavilon Defendants liable based upon their honoring of an IRS levy against plaintiff's property. The Court, therefore, finds that plaintiff's Amended Petition should be dismissed.

However, in plaintiff's response and supplemental response, plaintiff sets forth numerous additional facts that were not included in the Amended Petition that could possibly preclude the Gavilon Defendants' entitlement to a complete defense under § 6332(e). In light of these additional facts and the arguments set forth by plaintiff in her response and supplemental response, the Court finds that plaintiff should be granted leave to file a second amended complaint.

Accordingly, the Court GRANTS the Gavilon Defendants' Motion to Dismiss Amended Complaint [docket no. 5] and DISMISSES plaintiff's Amended Petition. Plaintiff is granted leave to file a second amended complaint; said second amended complaint shall be filed within twenty (20) days of the date of this Order. Finally, in light of the above, the Court STRIKES this matter

from the Court's November 2017 Status and Scheduling Conference Docket, to be reset after defendants have responded to plaintiff's second amended complaint.

**IT IS SO ORDERED this 13th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE