# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAYLA WHITTAKER, d/b/a K&S EQUIPMENT, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-742-M |
| GAVILON GRAIN, LLC and GAVILON GROUP, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Dismiss Second Amended Complaint, filed November 15, 2017. On December 5, 2017, plaintiff filed her response, and on December 12, 2017, defendants filed their reply.

On November 1, 2017, plaintiff filed her Second Amended Complaint. In her complaint, plaintiff alleges the following causes of action: (1) breach of contract and conversion, (2) breach of fiduciary duty and negligence, and (3) tortious breach of contract, misrepresentation, deceit, and fraud. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Second Amended Complaint.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

> defendant has acted unlawfully. Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops short of
> the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Defendants assert that plaintiff's claims are based upon defendants' turnover of contract proceeds pursuant to an Internal Revenue Service ("IRS") tax levy. Defendants further assert that even if the proceeds turned over to the IRS were not actually subject to levy or owned by the delinquent taxpayer as plaintiff alleges, federal law, and particularly 26 U.S.C. § 6332(e) and 26 C.F.R. § 301.6332-1(c)(2), provides defendants with a complete defense in this case. Specifically, defendants contend that so long as the delinquent taxpayer appeared to have some interest in the property at issue, defendants are protected and have no liability to plaintiff. Defendants further contend that the allegations set forth in plaintiff's Second Amended Complaint show that the delinquent taxpayer, Mr. Cabelka, had, at a minimum, an apparent interest in the disputed funds.

In her response, plaintiff asserts that her Second Amended Complaint seeks to recover funds still held by defendants; funds that were not turned over to the IRS, and, thus, any claimed immunity would not apply to these funds.

Having carefully reviewed the parties' submissions, as well as plaintiff's Second Amended Complaint, the Court finds that plaintiff's Second Amended Complaint should not be dismissed. Specifically, the Court finds that in her Second Amended Complaint, plaintiff is seeking, in part, the recovery of funds still held by defendants. In her complaint, plaintiff alleges:

> 40. Defendants have held on to Plaintiffs' wheat proceeds for in excess of two years and have no valid ownership claim to the wheat proceeds.
>
> \*   \*   \*
>
> 46. Upon information and belief, Defendants held on to Plaintiff's money after the time matured for payment and subsequently paid, according to the testimony of IRS agent, Thirty to Forty Thousand Dollars ($30,000.00 to $40,000.00) of the money to the Internal Revenue Service which would leave a balance of approximately Thirty-Five Thousand Dollars ($35,000.00) being wrongfully held by the Defendants.

Second Amended Complaint at ¶¶ 40, 46. The Court finds that any immunity defendants would have under 26 U.S.C. § 6332(e) and 26 C.F.R. § 301.6332-1(c)(2) would not apply to the funds that were not turned over to the IRS and that are still being held by defendants.[1] The Court further finds that plaintiff has alleged sufficient facts to state a claim for breach of contract and conversion, breach of fiduciary duties and negligence, and tortious breach of contract, misrepresentation, deceit, and fraud.

---

[1]The Court would also note that based upon the allegations in the Second Amended Complaint, it is not clear that Mr. Cabelka had an apparent interest in the funds such that defendants would be entitled to immunity as a matter of law.

Accordingly, the Court DENIES defendants' Motion to Dismiss Second Amended Complaint [docket no. 25].

**IT IS SO ORDERED this 20th day of December, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE